

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MANSFIELD HELIFLIGHT, INC., §
§
    Plaintiff, §
§
VS. § NO. 4:06-CV-425-A
§
BELL/AGUSTA AEROSPACE §
COMPANY, LLC, ET AL., §
§
    Defendants. §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

After having reviewed the renewed motion for judgment as a matter of law, and supporting memorandum, filed by defendants, Bell/Agusta Aerospace Company, LLC ("Bell/Agusta") and Agusta Aerospace Corporation ("Agusta Aerospace"), on October 11, 2006, the opposition thereto of plaintiff, Mansfield Heliflight, Inc. ("Mansfield"), and defendants' reply memorandum, the court has concluded that the renewed motion is without merit and that judgment should be entered for plaintiff against defendants, jointly and severally, on the basis of the verdict the jury returned October 10, 2007.

I.

Background

For a description of plaintiff's claims and a skeleton description of the facts of this action, the court makes reference to the memorandum opinion and order in this action signed September 6, 2007, denying in part and granting in part defendant's motion for summary judgment. A jury trial was conducted October 9 and 10, 2007. Evidence was offered at trial on both of plaintiff's theories of recovery that survived defendants' motion for summary judgment--the breach of contract and fraud theories. When plaintiff rested, defendants moved for judgment as a matter of law as to the fraud theory. The motion was denied at that time, but was renewed by defendants after both parties had closed and before the case went to the jury. The court granted the renewed motion, dismissing plaintiff's fraud claim, leaving only the breach of contract claim to be resolved. The case was submitted to the jury for special verdict by answers to two questions, as contemplated by Rule 49(a) of the Federal Rules of Civil Procedure. The text of the verdict returned by the jury on October 10 was as follows:

> We, the Jury, return our answers to the following questions as our verdict in this case.

2

QUESTION NO. 1:

Do you find from a preponderance of the evidence that there were changes in the helicopters in question between October 20, 2005, and the date in April 2006 when the helicopters were made available for delivery to plaintiff that adversely affected the value of the helicopters.

Answer "Yes" or "No":

ANSWER: ___Yes___

If you have answered Question No. 1 "Yes," answer Question No. 2. Otherwise, do not answer Question No. 2.

QUESTION NO. 2:

Find from a preponderance of the evidence the sum of money that represents any reduction in the value of the helicopters in question between October 20, 2005, and the date in April 2006 when the helicopters were made available for delivery to plaintiff resulting from the change or changes in the helicopters that occurred between those dates.

Answer in dollars and cents or "None," as you find from a preponderance of the evidence:

ANSWER: ___$633,124.00___

Verdict at 1-2.

II.

The Renewed Motion, Plaintiff's Opposition
Thereto, and the Reply

Defendants start their renewed motion with an objection to what defendants interpret to be a requirement imposed by the

3

court that whatever motion under Rule 50 of the Federal Rules of Civil Procedure defendants might wish to file be filed before rendition of judgment. The substantive grounds of the motion are that:

> a. Plaintiff failed to present legally sufficient evidence upon which a reasonable jury could find that plaintiff suffered any legally cognizable damages under the applicable measure of damages under Texas law, *i.e.*, from which a reasonable jury could conclude by a preponderance of the evidence that there was any difference between the **contract price** for the helicopters and the **market price** of the helicopters at the time they were offered for delivery in April, 2006.
>
> b. The damage evidence offered by plaintiff was, as a matter of law, not a relevant or probative measure of damages under applicable law.
>
> c. In this regard--and as repeatedly urged at trial and both in the motion for judgment as a matter of law made at the close of plaintiff's case and the renewed motion for judgment as a matter of law made at the close of the evidence--the testimony of plaintiff's damage expert should have been stricken because (1) the witness was not qualified; and (2) the opinions expressed were neither relevant nor reliable.

Renewed Mot. at 2-3.

Plaintiff's opposition urges that:

A. Defendants Have Waived All Grounds Asserted by the Renewed Motion That Were Not Raised in Their Rule 50 Motions During Trial.

. . .

B. Defendant Also Waived All Grounds Asserted In The Renewed Motion Because They Failed To Assert Any

Objection To The Damages Question In The Verdict Form.

. . .

C. To The Extent Defendants' Belated Arguments Are Considered, They Should Be Rejected As An Appropriate Measure Of Damages Was Presented.

. . .

D. Mr. Hareland Was Sufficiently Qualified.

Opp'n at 3, 6, 7, & 9.

Defendants' reply is devoted exclusively to a response to plaintiff's contention that defendants waived all grounds asserted by their renewed motion that were not raised in their motion under Rule 50 during trial.

III.

Analysis

A. Defendants' Contention that the Court Deprived Them of Their Rights Under Rule 50.

Defendants have misinterpreted the exchange between the court and counsel that occurred after the court accepted the jury's verdict. The only things said relative to the filing of a motion for judgment notwithstanding the verdict were the following:

> THE COURT: So I would contemplate I would go ahead and enter the judgment, and then if y'all want to file a motion making that specific request and

5

documenting it however you want to document it. I would suppose you would have affidavits to verify whatever it is you want to establish to support your claim for attorney's fees, and then I'll give the defendants an opportunity to respond --

MR. FRANKLIN: Yes, Your Honor.

THE COURT: -- by whatever way they want to respond. Yes.

MR. PINO: Your Honor, we would anticipate making a motion, notwithstanding the verdict, and would ask the Court whether you want that on written submission?

THE COURT: I'm going to leave that up to you. My plan is to enter the judgment tomorrow. Do you want me to wait until Friday to give y'all an opportunity to do that?

MR. PINO: Yes, Your Honor.

THE COURT: Okay. Well, I'll wait until Friday, and if you want to file a motion for judgment N.O.V., you can do that tomorrow.

MR. PINO: Thank you, Your Honor.

Draft Excerpt of Trial Proceedings.

The court did not say, nor did the court intend to convey, that defendants were being denied an opportunity to file a Rule 50(b) motion for judgment as a matter of law within the time allotted by the rule. Rather, the court simply was accommodating what the court interpreted to be a request by defense counsel

that defendants be permitted to file their motion before judgment was rendered.

B. <u>Plaintiff's Contention that the Defendants Waived All Grounds Asserted in the Renewed Motion Because They Failed to Assert Any Objections to the Damage Question in the Verdict Form</u>.

The court disagrees with plaintiff's second waiver argument--that "Defendant [sic] also waived all grounds asserted in the renewed motion because they failed to assert any objection to the damage question in the verdict form." Opp'n at 6. The court does not interpret any ground asserted by defendants in their renewed motion as an objection to the wording of the questions submitted to the jury, nor does the court consider that defendants had any obligation to object to the damage question in the verdict form at the time defendants made their motion for judgment when plaintiff rested or when they renewed it upon the close of evidence.

Moreover, defendants presumably persist in the belief they expressed, through counsel, at the September 4, 2007, pretrial conference that, if the breach of contract issue were to be submitted to the jury, questions of the kind actually used in the verdict form would be the appropriate ones. At the pretrial conference, the court explained to counsel that the jury verdict

7

would be rendered on the basis of special questions, and there was discussion as to what those questions should be as to the breach of contract claim. Tr. of Pretrial Conference at 26. As reflected by the following exchange between the court and counsel, agreement was reached as to the questions that should be submitted to the jury if the breach of contract claim survived trial:

> THE COURT: I think what we decided was that what this contract really means is that they accepted these airplanes, these helicopters, on July 12 in the condition they were in at that time and they weren't real particular about when they got delivery. But whenever they got delivery, those helicopters had to be in the same condition they were in at the time of the last maintenance report. And I think what we were saying is that <u>the only thing the jury is going to have to decide on the breach of contract claim is when the helicopters were tendered to them for delivery in April, had there been changes in the aircraft since the last maintenance report</u>. The jury will answer that question, yes or no. And <u>if they answer yes, then what reduction in the value of the helicopters did those changes cause</u>?
>
> Is that what you're saying?
>
> MR. FRANKLIN: Yes.
>
> THE COURT: Okay. Now, what's wrong with approaching this case that way? It seems to be a perfectly sensible way to approach it.
>
> MR. ROSS: <u>If the contract claim ultimately gets submitted to the jury, I would agree that that probably would be the way to submit it</u>.

8

Id. at 28-29 (emphasis added). The questions submitted to the jury were exactly those upon which the court and the parties reached agreement. When given an opportunity to object to the questions, after they had been read and explained to the jury, the only objection defendants made to the wording of the questions was that the words "there were changes in the helicopters in question" in Question No. 1 should be replaced with the words "the added time the helicopters were flown," with a comparable change being made in Question No. 2. Draft Excerpt of Trial Proceedings. The court does not consider that the renewed motion is based in any respect on that objection to the special questions.

Plaintiff's waiver argument being discussed under this heading appears to proceed on two erroneous assumptions--first, that defendants had an obligation to make known to the court as part of their trial motions for judgment as a matter of law whatever objection they might have to the damage question in the verdict form and, second, that defendants, in effect, are urging such an objection in their renewed motion. Inasmuch as the court does not consider that defendants are urging in their renewed motion that the questions submitted to the jury were not proper, the court is not devoting further attention to that subject.

C.  <u>Plaintiff's Objection that Grounds of the Renewed Motion Were Waived Because They Were Not Raised in Defendants' Rule 50 Motions at Trial</u>.

Plaintiff argues that "Defendants' motion was entirely focused on the fraud claim."[1] Opp'n at 4. The court agrees with plaintiff that the motion as made and renewed was directed only to the fraud claim. As noted above, the motion was successful, with the result that the only questions submitted to the jury related to the breach of contract claim.

However, the court notes that some of the reasoning expressed in support of the trial motion coincidentally would have been applicable to the breach of contract claim had counsel for defendants been directing his attention to that claim as well. Counsel included the following in his remarks in support of defendants' Rule 50(a)(1) motion:

> MR. ROSS: . . .
>
>     . . . .
>
> . . . We renew our objections to the expert that they offered on[2] our motion to strike. He is not a

---

[1] Plaintiff attaches to its opposition a partial trial transcript providing the text of the rule 50(a)(1) motion defendants made when plaintiff rested and the renewal of that motion once the parties closed and prior to submission of the case to the jury.

[2] Defendants maintain that the word "on" should be "and." The court is not devoting further attention to that subject because it is
(continued...)

qualified expert, and his opinions are not probative of
damages based -- that could be proximately caused by
the representations that are alleged to have been made
in this case.

Even if you consider his testimony, there's still
no evidence of damages proximately caused by the
alleged fraud because even under *Formosa Plastics*, if
you're seeking benefit of the bargain and damages for
fraudulent inducement, the proof of those damages has
to be with reasonable certainty. The evidence offered
by the expert in this case doesn't meet that standard.
He looked at a book, he got out a calculator, and he
did some math. There's been no evidence presented, for
example, in this case -- in fact, there's a stipulation
to the contrary -- that they never had a firm buyer.
So there is no evidence they suffered any damages from
the alleged continued flying.

Opp'n, Ex. A at 4-5.

While the court is satisfied that counsel for defendants did not intend his arguments to be directed to the breach of contract claim, the court assumes, for the sake of discussion, that they were directed to both the fraud claim and the breach of contract claim. Therefore, the court considers for the purpose of this memorandum opinion that the b. and c. grounds, supra at 4, in defendants' renewed motion were preserved.

But, the court agrees with plaintiff that the a. ground, id., urged by defendants in their renewed motion was not embraced

---

²(...continued)
not relevant to the outcome.

in any of the grounds or supporting arguments presented at trial by defendants as part of their Rule 50(a)(1) motion. If it had been presented, it would have been without merit. Because of its absence from the trial motions, the court is not devoting further attention to that ground.

D. The b. and c. Grounds of the Renewed Motion are Without Merit.

The court had questions during the trial as to the relevance and probative effect of the testimony given by plaintiff's expert, as reflected by comments made by the court during a brief hearing out of the presence of the jury on the subjects of the witness's qualifications and relevance of his testimony. Upon questioning the witness, the court became persuaded that, while the explanations given by the witness were not ones the court is accustomed to hearing in valuation matters, the opinions of the witness did provide evidence that would assist the jury in answering both of the questions submitted to the jury. As it turned out, there was other evidence that tended to substantiate the approach taken by plaintiff's expert in evaluating reduction in value.

While the court might well have made a finding different from the jury's finding in answer to Question No. 2, the court is

12

satisfied that there is evidence from which a reasonable jury, considering the record as a whole, could make the finding given in answer to the question.

E. <u>Judgment Should be Entered for Plaintiff Against Defendants on the Basis of the Jury's Verdict</u>.

The acceptance form provided by defendant Bell/Agusta to plaintiff for acceptance of the helicopters expressly provided that the acceptance was subject to "NO CHANGES IN THE AIRCRAFT SINCE THE LAST MAINTENANCE REPORT." Tr. Ex. 3 at last p. As the court stated in the September 6, 2007, memorandum opinion, the court concluded that the acceptance document was a part of the contract between Mansfield and Bell/Agusta. Sept. 6, 2007, Mem. Op. at 15-17. That contract provision was the basis of the concurrence reached at the pretrial conference concerning the wording of the questions that would be submitted to the jury if the breach of contract claim were to survive trial. <u>Supra</u> at 8-9. The "Yes" answer of the jury to Question No. 1 establishes that there was a breach of the contract, and the "$633,124.00" answer of the jury to Question No. 2 establishes the damages suffered by plaintiff by reason of the breach. Therefore,

plaintiff is entitled to judgment against defendants, jointly and severally,[3] in that amount.

F.    Prejudgment Interest.

Plaintiffs' complaint prays for prejudgment interest. Defendants contend that the language of Article 17 of the Purchase Agreement prevents an award of prejudgment interest, arguing that prejudgment interest is "incidental . . . damages," within the meaning of Article 17. The court disagrees. As the Texas Court of Appeals in Robertson County v. Wymola, 17 S.W.3d 334 (Tex. App.--Austin 2000, pet. denied), explained:

> The purpose of awarding actual damages has always been to compensate the injured plaintiff, and a law that denies recovery of pre-judgment interest frustrates this goal. If a judgment is limited to the amount of damages sustained at the time of the incident, plaintiffs are not fully compensated.

Id. at 343-44 (citations omitted).

The court concludes that prejudgment interest simply is an extension of the actual damages--the part of the actual damages that must be awarded for the plaintiff not to suffer a detriment

---

[3]The parties are in agreement that as part of the assignment of Bell/Agusta's contract with plaintiff to Agusta Aerospace, the latter became liable along with Bell/Agusta for any damages resulting from breach of the contract.

14

caused by plaintiff's failure to timely receive from defendants the main actual damages to which plaintiff is legally entitled.

In its post-trial brief plaintiff filed regarding prejudgment interest, plaintiff stated its position relative to the method of calculating the prejudgment interest that should be awarded. Defendants in their responsive post-trial memorandum did not disagree with that part of plaintiff's brief. The court adopts plaintiff's calculation that the prejudgment interest should equal $68,832.72 through the date of the jury's verdict and that the daily accrual thereafter is $143.10. Consequently, the prejudgment interest to be awarded, calculated through the date of the signing of the final judgment, is $71,122.32.

G.  Attorneys' Fees.

The entry of judgment at this time is without prejudice to the filing by plaintiff of a motion under Rule 54(d)(2) of the Federal Rules of Civil Procedure for an award of attorneys' fees.

While the court does not expect defendants to agree that plaintiff is entitled to recover attorneys' fees, the court encourages the parties to agree on the amount that would be recoverable if plaintiff ultimately prevails. The court recognizes that there might be an issue as to whether all attorney time counsel for plaintiff have devoted to this case

should be considered in an award of attorneys' fees, bearing in mind that some of that time undoubtedly was devoted to development of the fraud and conspiracy claims that were unsuccessfully asserted by plaintiff. That is an issue to which the court expects plaintiff to devote its attention in any presentation it makes in support of an award of attorneys' fees. Another issue the court expects plaintiff to deal with in its presentation is the contention of defendants that attorneys' fees are incidental or consequential damages within the meaning of Article 17 of the Purchase Agreement with the result that they are not recoverable in this action. All facts upon which plaintiff relies in support of a claim for recovery of attorneys' fees are to be supported by the affidavit or statutory declaration of a person or persons having personal knowledge of the facts stated.

IV.

Order

The court ORDERS that defendants' renewed motion for judgment as a matter of law be, and is hereby, denied;

The court further ORDERS that plaintiff is entitled to judgment based on the verdict of the jury, with prejudgment and post-judgment interest.

The court further ORDERS that plaintiff have and recover from defendants, jointly and severally, $633,124.00 on its breach of contract claim, plus prejudgment interest of $71,122.32, plus post-judgment interest at the statutory rate; and

The court further ORDERS that plaintiff have and recover from defendants, jointly and severally, costs of court incurred by plaintiff.

SIGNED October 26, 2007.

_____
JOHN McBRYDE
United States District Judge