U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 2 2007

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MANSFIELD HELIFLIGHT, INC.,      §
                                 §
              Plaintiff,          §
                                 §
VS.                              §   NO. 4:06-CV-425-A
                                 §
BELL/AGUSTA AEROSPACE            §
COMPANY, LLC, ET AL.,            §
                                 §
              Defendants.         §

MEMORANDUM OPINION
and
ORDER

After having considered the motion of plaintiff, Mansfield

Heliflight, Inc., for an award of attorneys' fees, the response

of defendants, Bell/Agusta Aerospace Company, LLC and Agusta

Aerospace Corporation, thereto, plaintiff's reply to the

response, and other pertinent parts of the record, the court has

concluded that plaintiff should have recovery of reasonable

attorneys' fees necessarily incurred by it in its successful

pursuit of its breach of contract claim against defendants.  The

court has concluded that the amount of the recovery should be

$105,430.

Two main issues are presented by the motion and response.

First, do the terms of the contract between plaintiff and

defendants prohibit an award to plaintiff against defendants of

attorneys' fees?  Second, if attorneys' fees can be awarded, what should be the amount of the award?  The parties agreed that attorneys' fees issues would be submitted to the court for decision after trial pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure.

I.

Plaintiff is Entitled to Recover<br>Attorneys' Fees

The provisions of the contract on which defendants rely in support of their contention that plaintiff has waived its right to recover attorneys' fees are Articles 2 and 17 of the Purchase Agreement, the text of which are set forth on pages 10-12 of this court's September 6, 2007, memorandum opinion and order in this action.  For the reasons given on pages 13-14 of the September 6 memorandum opinion and order, if either of those articles were to have potential applicability to the attorneys' fees issues, it would be Article 17.  Defendants' contention is that the attorneys' fees sought by plaintiff constitute "incidental damages" and that plaintiff waived its right to recover attorneys' fees by contracting that Bell/Agusta Aerospace Company would have no liability under the agreement "for any incidental . . . damages of any nature whatsoever, arising out of or in

2

connection with [the] agreement." Sept. 6, 2007, Order 11. The court disagrees with defendants' contention.

The parties seem to be in agreement that Texas substantive law covers the attorneys' fees issues. Under Texas law, "a prevailing party cannot recover attorney's fees from an opposing party unless permitted by statute or by contract between the parties." Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 95 (Tex. 1999). Plaintiff asserts its claim for attorneys' fees under section 38.001 of the Texas Civil Practice & Remedies Code, which states, in pertinent part, that "[a] person may recover reasonable attorney's fees from [a] corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . [a] written contract."

There are cases when attorneys' fees can be recovered as damages. For example, in Donnelly v. Young, 471 S.W.2d 888 (Tex. Civ. App.--Fort Worth 1971, writ ref'd n.r.e.), attorneys' fees were recoverable as damages when they were incurred by the plaintiff as an expense of obtaining title from a third party to whom defendants had wrongfully transferred title to plaintiff's property. The attorneys' fees were not incurred in the litigation between the parties to Donnelly but in connection with litigation between plaintiff and a third party to recover title

to the property.  A clear distinction was made in <u>American Home Assurance Co. v. United Space Alliance</u>, 378 F.3d 482 (5th Cir. 2004), between attorneys' fees that are recoverable as damages, <u>id.</u> at 490-91, and attorneys' fees that are recoverable under section 38.001, <u>id.</u> at 491-93.

In the instant action, attorneys' fees as damages are not sought by plaintiff--only section 38.001 attorneys' fees.  "To recover attorney fees under section 38.001 of the civil practice and remedies code, a party must:  (1) prevail on a cause of action for which attorney fees are recoverable; and (2) recover damages."  <u>Alma Group, L.L.C. v. Palmer</u>, 143 S.W.3d 840, 845-46 (Tex. App.--Corpus Christi 2004, pet. denied).  Section 38.001 attorneys' fees are in the nature of costs, not damages.  <u>Id.</u> at 846.  <u>See also</u> <u>Williams v. Compressor Eng'g Corp.</u>, 704 S.W.2d 469, 474 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.).  In another context, a Texas court of appeals held that a suit that included a request for recovery of attorneys' fees was not a suit for damages.  <u>City of San Benito v. Ebarb</u>, 88 S.W.3d 711, 724 (Tex. App.--Corpus Christi 2002, pet. denied) (saying that "an action for declaratory judgment seeking only a clarification of rights, attorney fees, and costs is not a suit for damages . . . .").

4

Defendants hang their "incidental damages" hat on two Texas intermediate appellate court decisions, Crumpton v. Stevens, 936 S.W. 2d 473 (Tex. App.--Fort Worth 1996), and Bayou Terrace Investment Corp. v. Lyles, 881 S.W.2d 810 (Tex. App.--Houston [1st Dist.] 1994). In Crumpton the Court said that "[a] claim for attorney's fees under [section 38.001] does not constitute an independent ground of recovery but rather is in the nature of incidental damages." 936 S.W.2d at 476. In Bayou Terrace the Court, in response to a claim by the plaintiff that a pleaded request for recovery of attorneys' fees constituted a claim for actual damages, said "attorneys' fees . . . are incidental damages, not actual damages." 881 S.W.2d at 816. The court does not interpret the quoted statements in Crumpton or Bayou Terrace as holdings that attorneys' fees are incidental damages as those words are used in the Purchase Agreement between plaintiff and defendants. Rather, the points in those cases were, in Crumpton, that attorneys' fees did not constitute an independent ground of recovery, and, in Bayou Terrace, that attorneys' fees are not actual damages. Reading anything into the quoted language beyond those points would be to give effect to dicta that is directly contrary to the holdings in Alma Group and Williams that attorneys' fees are in the nature of costs, not damages.

Moreover, the Fifth Circuit has made clear that "[t]o waive or contract-around [section 38.001] requires specificity . . . because waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." Texas Nat'l Bank v. Sandia Mortgage Corp., 872 F.2d 692, 701 (5th Cir. 1989) (internal quotation marks & brackets omitted). In Texas National Bank, the Fifth Circuit held that in that case there was not a waiver of a right to recover attorneys' fees under section 38.001, explaining:

> The limiting clause in our case does not *specifically* preclude Sandia's statutory claim to an award of attorney's fees under Section 38.001. Without greater specificity, no valid waiver can occur because the party giving up the right does not know what he or she is relinquishing.

Id.

The court concludes that an award of attorneys' fees to plaintiff would not constitute an award of "incidental damages" as those words are used in the Purchase Agreement. An award of attorneys' fees is provided by statute for a person who is successful in recovering damages for breach of contract. In that sense, they are "statutory," not "incidental." The court concludes that, if directly presented with the issue, the Texas Supreme Court would hold that attorneys' fees incurred in

litigation, while not court costs in the strict sense of that term, are in the nature of litigation costs.[1]  Furthermore, the court concludes that, even if attorneys' fees could be considered to be "incidental damages," as those words are used in the Purchase Agreement, the wording of the Purchase Agreement would not prevent plaintiff from recovering its attorneys' fees in this action, because the Purchase Agreement lacks the specificity required by the Fifth Circuit in <u>Texas National Bank</u> for there to be a waiver of the right to recover attorneys' fees under section 38.001.  Therefore, plaintiff is entitled to recover attorneys' fees.

## II.

## The Amount of Attorneys' Fees to be Awarded

A.   <u>Plaintiff's Motion and Its Evidentiary Basis</u>.

Plaintiff's motion is supported by the affidavit of Eric W. Pinker ("Pinker"), one of the local attorneys for plaintiff, and

---

[1]Section 38.001 itself makes a distinction between attorneys' fees and costs of court by saying that "[a] person may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs . . . ."  A distinction commonly is made between non-taxable litigation costs and taxable court costs.  The court interprets the language of section 38.001 as making that distinction when referring to attorneys' fees.  Rule 54(d) of the Federal Rules of Civil Procedure makes the same distinction, referring in the heading of the (1) subpart to "Costs Other Than Attorney's Fees," and in the body of the (1) subpart to "costs--other than attorney's fees."

other evidentiary items.  Pinker's affidavit confirms that legal representation was provided to plaintiff in this action by attorneys in two law firms, the firm of Primmer Piper Eggleston & Cramer, PC, officed in St. Johnsbury, Vermont, and the firm of Lynn Tillotson & Pinker, L.L.P., officed in Dallas, Texas.  The lead attorney was Gary L. Franklin ("Franklin") with the Primmer firm.  At least three other attorneys and two legal assistants with the Primmer firm did work on the case.  Attorneys with the Lynn firm served as local counsel for plaintiff.  At least three attorneys, and one or more legal assistants with the Lynn Firm, worked on the case.  Pinker gives in his affidavit the years of legal experience, and information about the qualifications, of most of the attorneys and legal assistants who provided services to plaintiff in this case.

Plaintiff has provided billing statements that apparently were submitted monthly to plaintiff[2] by the Primmer and Lynn firms, showing as to each date when services were rendered: the date, the identity of each person who rendered the services, a general description of the services rendered by each person, number of hours devoted to those services, and total fee charge

_____

[2]The Lynn firm's billing statements were submitted to plaintiff in care of Franklin at the Primmer law firm.

attributable to each person's services.  The Primmer firm's
statements start in May 2006 and end in October 2007.  The Lynn
firm's statements start in July 2006 and end in November 2007.
Attached to this memorandum opinion and order as attachments 1
and 2, respectively, are charts giving as to each billing
statement the date of the statement, the identities of persons
for whom charges were made, the hours devoted by each person, the
per-hour rates, and the total charges attributable to each
person.  Grand totals appear at the end of each attachment.

As the attachments reflect, the Primmer firm's statements
show charges in the total amount of $150,804 for services
rendered by personnel of that firm and the Lynn firm's statements
show total charges of $57,534 for services rendered by personnel
of that firm, making a grand total of $208,338 for services
rendered by personnel in both firms.

Plaintiff seeks by its motion an award of $147,876 as
attorneys' fees.  The techniques by which it arrived at that
number are explained in Pinker's affidavit.  Pinker says that the
total fees for the case have been approximately $202,749,[3]

---

[3]The court has not been able to reconcile the discrepancy between
the $208,338 grand total derived from adding the totals shown on the
attachments to this memorandum opinion and order and the total of
                                                    (continued...)

excluding fees written off by his firm and all expenses. Fees in the amount of $5,701 were deducted from the total as relating specifically to plaintiff's unsuccessful fraudulent inducement, conversion, and Texas Deceptive Trade Practices Act ("DTPA") claims, leaving a balance of $197,048. Then, recognizing that the assertion on behalf of plaintiff of unsuccessful claims likely increased the time and effort expended in the case in respects that cannot be precisely allocated, Pinker deducted another 25% from the total of the billings, resulting in a balance of $147,786, which Pinker opines represents reasonable and necessary attorneys' fees in this case.[4]

According to Pinker, the fees sought by plaintiff do not include any assessment for time spent by case clerks employed by either of the firms and do not include any assessment for time spent by legal assistants performing clerical tasks. Undoubtedly

---

[3](...continued)
$202,749 used by plaintiff. From this point forward, the court is assuming that the $202,749 total is the correct one.

[4]Pinker expresses opinions in his affidavit concerning reasonable and necessary attorneys' fees that will be incurred on appeal to the Fifth Circuit, if an appeal is taken, and to the Supreme Court, if an appeal is prosecuted to that court. The court is not making any evaluation on those subjects. If an appeal is taken, the Fifth Circuit presumably will deal with the issue of fees on appeal, either directly or by remand, with instructions, to this court.

in anticipation that a "billing judgment"[5] issue would be raised

by defendants in their response to the motion, Pinker says in his

affidavit that he reviewed his firm's time entries and expenses

on a monthly basis and voluntarily wrote off any fees and

expenses for work he believed were unproductive, duplicative, or

unnecessary, and that he did the same thing as to the Primmer

firm's billing statements.  He says that the amounts he believed

were unproductive, duplicative, or unnecessary are not reflected

in the fee application submitted to the court.

B.    Defendants' Response.

    In their response to the motion, defendants assert several

grounds in contest of plaintiff's contention that it has proved

the reasonableness and necessity for recovery of attorneys' fees

of $147,786.  Defendants start by arguing that plaintiff has not

satisfied the duty imposed on it by principles announced by the

Texas Supreme Court in Tony Gullo Motors I, L.P. v. Chapa, 212

S.W.3d 299, 311, 313-14 (Tex. 2006), to segregate fees

attributable to claims unsuccessfully asserted by plaintiff, on

---

[5]The term "billing judgment" refers to the practice of law firms
in writing off unproductive, excessive, or redundant hours.  Walker v.
United States Dep't of Housing & Urban Dev., 99 F.3d 761, 769 (5th
Cir. 1996).  Plaintiff has the burden of showing the reasonableness of
the hours its attorneys billed and, accordingly, has the burden of
proving that the attorneys exercised billing judgment.  Id. at 770.

the one hand, and fees attributable to plaintiff's successful breach of contract claim, on the other. Next, defendants take issue with the billing records shown by the monthly statements, noting that plaintiff must provide documentation "sufficient for the court to verify that the applicant has met its burden" to establish the reasonableness of its fee charges and the necessity for performance of the work done, citing Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 919, 924 (5th Cir. 1995). Defendants point to entries in the billing statements that are vague, entries that represent "block billing," and entries indicating that non-lawyers (the legal assistants) did clerical work for which fees are sought. Defendants also assert that the billing statements show that there was overstaffing, redundancy in work, and work that does not appear to have been necessary for pursuit of the litigation. Finally, defendants argue, as plaintiff anticipated, that there is no indication that plaintiff made a proper "billing judgment" downward adjustment.[6]

An appendix to defendants' response is a table showing specific entries on the billing statements to which defendants

_____

[6]Defendants also complain that the billing statements submitted with the motion were redacted. However, that issue undoubtedly has resolved itself by the furnishing of unredacted copies of the billing statements by plaintiff to the court and defendants' counsel.

12

object, giving the reasons for each objection. Defendants maintain that if the objectionable entries are deleted, plaintiff's request for fees should be reduced by $104,937. Resp. at 12.

C.   Pertinent Legal Principles.

As defendants contend, plaintiff does have the burden to establish the reasonableness of the fee charges forming the basis for its attorneys' fees claim and the necessity for incurring those charges in the successful pursuit of plaintiff's breach of contract claim.   The parties seem to be in agreement that, generally speaking at least, the factors outlined in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), should be considered.   Those factors are:   (1) time and labor required; (2) novelty and difficulty of the issues; (3) required skill; (4) whether other employment is precluded; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the attorneys' experience, reputation and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.   Id. at 717-19.

In evaluating the time and labor required, "[t]he trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities. Id. The Texas courts have recognized that, in evaluating an award of attorneys' fees, the judge can take into account his own experiences as a lawyer and judge. See American Home Assurance, 378 F.3d at 493. More generally, the Fifth Circuit explained in Bagby Land & Cattle Co. v. California Livestock Commission Co., 439 F.2d 315 (5th Cir. 1971), that:

> [A]lthough the procedure in Texas courts would apparently require proof of reasonable attorney's fees, federal courts are not bound by this procedure in diversity actions. It was entirely permissible for the district court to fix attorney's fees on the basis of its own experience and without the aid of testimony of witnesses.

Id. at 318 (footnotes omitted).

Attorneys' fees claimants are "required to segregate fees between claims for which they are recoverable and claims for which they are not. Chapa, 212 S.W.3d at 311. The Texas rule concerning segregation of fees was expressed by the Texas Supreme Court in Chapa as follows:

> [W]e reaffirm the rule that if any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees. Intertwined facts do not make tort fees recoverable; it is only when discrete legal

14

services advance both a recoverable and unrecoverable
claim that they are so intertwined that they need not
be segregated. . . .

This standard does not require more precise proof
for attorney's fees than for any other claims or
expenses. Here, Chapa's attorneys did not have to keep
separate time records when they drafted the fraud,
contract, or DTPA paragraphs of her petition; an
opinion would have sufficed stating that, for example,
95 percent of their drafting time would have been
necessary even if there had been no fraud claim. The
court of appeals could then have applied standard
factual and legal sufficiency review to the jury's
verdict based on that evidence.

. . . .

Chapa's failure to segregate her attorney's fees
does not mean she cannot recover any. Unsegregated
attorney's fees for the entire case are some evidence
of what the segregated amount should be.

Id. at 313-14 (footnotes omitted).

D.   Analysis.

In reaching its decision, the court has considered all of

the Johnson factors.

Significant time and labor were required in the handling of

this litigation, but the court has concluded that plaintiff has

not sufficiently accounted for that part of the overall time and

labor that should be attributed to the fraud, DTPA, and

conversion claims unsuccessfully asserted by plaintiff.   None of

the proof relative to allegedly false representations made by

defendants to plaintiff had relevance to breach of contract issues. A great deal of time was devoted in pretrial matters and at trial to plaintiff's fraud and other unsuccessful claims. Time devoted to those claims shows up in plaintiff's pleadings and the contents of plaintiff's response to defendants' motion for summary judgment, the pretrial order, plaintiff's statements of facts to be proved at trial, the stipulation of facts, and the proposed questions to be submitted to the jury. Also, legal memos were submitted by plaintiff to the court in which significant attention was devoted to plaintiff's fraud claim, evidencing a significant amount of time devoted by plaintiff's attorneys to legal research relative to that claim. For the most part, the billing statements of the attorneys do not provide a means of segregation. The court has concluded that 35% of the total fee charges would be an appropriate amount to deduct for the purpose of eliminating from the total those parts of the fee charges that should be attributed to plaintiff's non-successful claims.

When confined to the breach of contract claim, the only novelty or difficulty in the issues would appear to be proof of damages. The liability issue as to the breach of contract claim was rather clear-cut. The wording of the contract documents

established defendants' duty to plaintiff, and all that remained was the need to provide proof that there was a change in the helicopters between October 20, 2005, and the date in April 2006 when the helicopters were made available for delivery to plaintiff that adversely affected the value of the helicopters. Proof of damages presented a novel legal problem, and a difficult issue. The development and presentation of evidence on the damages issue required above average legal skills. Defendants were represented by skilled attorneys, with the consequence that if the attorneys for plaintiff had not had adequate skills and worked diligently they would have been out-lawyered. There is no indication that the attorneys for plaintiff were precluded from other employment by the representation provided to plaintiff in this case.

The court concludes that some of the per-hour fee charges are in excess of what normally would be charged by attorneys practicing in the Fort Worth Division of this court. The per-hour fee charges of Franklin and the other attorneys with the Primmer firm appear to be consistent with what the court would expect attorneys practicing in the Fort Worth Division to charge. Fee charges by attorneys in the Lynn firm are in excess of those the court would expect attorneys in this Division to charge for

the work done by those attorneys. To be reasonable, they would
have to be brought into line with the fee charges by the
attorneys with the Primmer firm. There is no contingent fee
involved. The court is not aware of any time limitations that
created a problem in the attorneys providing the needed
representation to plaintiff. The amount involved, and the
results obtained, could be viewed to justify a fee in the amount
claimed by plaintiff. The attorneys representing plaintiff were
adequately experienced, and were capable of providing the needed
representation. The court has no information of anything that
would adversely reflect on the reputation of any of the
attorneys. The court sees nothing in this case that would cause
it to be undesirable from an attorney's standpoint. The "nature
and length of the professional relationship with the client" does
not enter into the court's decision. The court cannot bring to
mind other cases where attorneys' fee awards have been made that
the court would view to be similar with this case. However, the
court, based on the undersigned's experience as a lawyer and a
judge, is inclined to think that more attorney time is shown on
the billing statements than should be charged against defendants.

One of the concerns of the court has to do with the number
of entries on the billing statements reflecting communications

between the attorneys, particularly conferences between lead counsel Franklin of the Primmer firm and attorneys with the Lynn firm. The court has identified on the Lynn firm's billing statements seventy-three entries showing communications, by telephone or otherwise, between an attorney with the Lynn firm and Franklin or other personnel with his firm. The court can identify on the Primmer billing statements nineteen communications between the lawyers of the two firms. Also of concern is the amount of time shown on the billing statements for travel at which full per-hour rates apparently were charged. The court can identify on the Primmer billing statements the following travel entries:

> On November 14, 2006, Franklin charged 9 hours at $210 per hour for attendance at a settlement conference in Philadelphia.

> On March 26, 2007, Franklin charged 11.5 hours at $225 per hour for preparation for Chevron depositions and travel to New Orleans for depositions.

> On March 28, 2007, Franklin charged 9 hours at $225 per hour for his return from New Orleans.

> On July 17, 2007, Franklin charged 8.2 hours at $225 per hour to prepare opposition to summary judgment and for travel to Philadelphia for AAC deposition.

> On July 18, 2007, Franklin charged 10 hours at $225 per hour to prepare for and take the AAC deposition, for return travel from Philadelphia, and to prepare opposition to the summary judgment motion.

On July 22, 2007, Franklin charged 12 hours at $225 per hour to prepare opposition to motion for summary judgment and travel to Arizona.

On July 25, 2007, Franklin charged 8 hours at $225 per hour for his return travel from Arizona.

On August 7, 2007, Franklin charged 6 hours at $225 per hour to attend a settlement and pretrial planning conference in Philadelphia, which presumably included travel time between Vermont and Philadelphia.

On September 3, 2007, Franklin charged 8.5 hours at $225 per hour to prepare for pretrial and for travel to Texas.

On September 4, 2007, Franklin charged 10 hours at $225 per hour for preparation for and attending pretrial conference and for return travel from Texas.

On September 10, 2007, Franklin charged 8 hours at $225 per hour for preparation of discovery responses, preparing for trial, exhibits lists, and travel to Philadelphia for the conference.

On September 11, 2007, Franklin charged 8 hours at $225 per hour for attending a settlement conference, preparing fact statement, and return travel from Philadelphia.

On September 12, 2007, Franklin charged 8 hours at $225 per hour for finalizing exhibit list, preparing fact list, conferring with local counsel regarding exhibit requirements, preparing settlement status report, and travel to Dallas.

On September 14, 2007, Franklin charged 8 hours at $225 per hour for preparation of fact list and return travel from Texas.

On October 7, 2007, Franklin charged 8 hours at $225 per hour for travel to Texas and preparation for trial.

On October 11, 2007, Franklin charged 8 hours at $225 per hour for return travel from Texas.

Because of the absence on the billing statements of any way to determine exactly how much time was devoted to travel on the days where other activities are combined with travel, the court cannot say exactly how much time was billed for pure travel, but the court can safely say that many thousands of dollars are included on the billing statements as charges for travel time at the usual per-hour rates. The court recognizes that an attorney should take into account travel time in billings to the client, but the court is not inclined to saddle defendants with billings for travel time at the attorneys' regular per-hour rates.

Another matter of concern to the court has to do with the number of times entries reflect the review by an attorney or attorneys of work done by another attorney or attorneys. The objections shown by defendants in their appendix to certain time entries present other matters of legitimate concern in the adequacy of the information provided by the plaintiff in support of its claim for attorneys' fees.

Considering all of the factors mentioned above, and taking into account the undersigned's own experiences as a lawyer and judge, the court has concluded that $105,430 would represent

reasonable attorneys' fees for the work necessarily done by plaintiff's attorneys in the successful prosecution of plaintiff's breach of contract claim. In arriving at that number, the court has reduced the $202,749 total by 35% ($70,962) as an adjustment to take into account the time the court estimates the attorneys devoted to plaintiff's unsuccessful claims, leaving a balance of $131,787. The court has reduced that amount by 20% ($26,357) to take into account the other concerns the court has mentioned relative to the charges shown on the billing statements, leaving a balance of $105,430, which the court finds represents reasonable and necessary attorneys' fees that should be awarded to plaintiff for prosecution of its breach of contract claim.

### III.

### Order

Therefore,

The court ORDERS that plaintiff recover $105,430 as attorneys' fees from defendants, jointly and severally.

SIGNED December 12, 2007.

JOHN McBRYDE
United States District Judge

22

## Statements of Primmer Piper Eggleston & Cramer PC

| Invoice Date | Dates of Service | Name | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/16/06 | 4/6/06-4/28/06 | GLF<br>KMJ | 5.90<br>4.40 | 210.00<br>135.00 | $1,239.00<br>594.00 |
| 6/15/06 | 5/1/06-5/30/06 | GLF<br>KMJ | 3.50<br>1.70 | 210.00<br>135.00 | $735.00<br>229.50 |
| 7/18/06 | 6/7/06-6/22/06 | GHB<br>GLF<br>KMJ | 0.40<br>17.70<br>4.50 | 250.00<br>210.00<br>135.00 | $100.00<br>3,717.00<br>607.50 |
| 8/15/06 | 7/19/06-7/29/06 | GLF | 1.50 | 210.00 | $315.00 |
| 9/15/06 | 8/7/06-8/30/06 | GLF | 0.60 | 210.00 | $126.00 |
| 10/12/06 | 9/8/06-9/29/06 | GLF | 5.30 | 210.00 | $1,113.00 |
| 11/8/06 | 10/3/06-10/30/06 | GLF | 8.00 | 210.00 | $1,680.00 |
| 12/8/06 | 11/1/06-11/29/060 | GLF<br>KMJ | 19.70<br>6.10 | 210.00<br>135.00 | $4,137.00<br>823.50 |
| 1/8/07 | 12/5/06-12/18/06 | GLF<br>KMJ | 5.10<br>9.50 | 210.00<br>135.00 | $1,071.00<br>1,282.50 |
| 2/9/07 | 1/9/07-1/31/07 | GLF<br>KMJ | 15.30<br>6.30 | 225.00<br>150.00 | $3,442.50<br>945.00 |
| 3/13/07 | 2/5/07-2/27/07 | GLF<br>KMJ | 4.40<br>0.60 | 225.00<br>150.00 | $990.00<br>90.00 |
| 4/6/07 | 3/6/07-3/29/07 | GLF<br>KMJ | 42.40<br>12.30 | 225.00<br>150.00 | $9,540.00<br>1,845.00 |
| 5/10/07 | 4/2/07-4/30/07 | GLF<br>KMJ | 10.90<br>10.30 | 225.00<br>150.00 | $2,452.50<br>1,545.00 |
| 6/11/07 | 5/1/07-5/31/07 | GLF<br>KMJ | 77.40<br>1.10 | 225.00<br>150.00 | $17,415.00<br>165.00 |

**GLF - Gary L. Franklin - Lead Attorney - 15 years experience**
**VJB - Victoria J. Brown - Attorney - 22 years experience**
**KMJ - Keith M. Jones - Attorney - 3 years experience**
**AKB - Andrew K. Braley - Attorney - 3 years experience**
**LGP - Linda G. Paskiewicz - Legal Assistant - 20 years experience**
**LSN - Laurie S. Noyes - Legal Assistant - 9 years experience**
**GHB - Gary H. Barnes**
**JLW - Joslyn L. Wilschek**

**Attachment 1 to Memorandum Opinion and Order signed December 12, 2007, in Case No. 4:06-CV-425-A (Page 1 of 2)**

| | | | | | |
|---|---|---|---|---|---|
| 7/12/07 | 6/1/07-6/29/07 | GLF | 18.60 | 225.00 | $4,185.00 |
| 8/29/07 | 7/2/07-7/27/07 | GLF | 100.60 | 225.00 | $22,635.00 |
| | | JLW | 7.00 | 155.00 | 1,085.00 |
| | | LGP | 3.40 | 100.00 | 340.00 |
| | | LSN | 11.20 | 100.00 | 1,120.00 |
| | | VJB | 30.00 | 230.00 | 6,900.00 |
| 9/11/07 | 8/2/07-8/31/07 | AKB | 22.90 | 160.00 | $ 3,664.00 |
| | | GLF | 45.90 | 225.00 | 10,327.50 |
| 10/10/07 | 9/1/07-9/30/07 | GLF | 117.40 | 225.00 | 26,415.00 |
| | | LGP | 1.50 | 100.00 | 150.00 |
| | | LSN | 7.50 | 100.00 | 750.00 |
| 10/26/07 | 10/1/07-10/16/07 | GLF | 75.70 | 225.00 | $17,032.50 |
| TOTALS PER ATTORNEY OR LEGAL ASSISTANT | | GLF | 575.90 | | $128,568.00 |
| | | KMJ | 56.80 | | 8127.00 |
| | | GHB | .40 | | 100.00 |
| | | JLW | 7.00 | | 1,085.00 |
| | | LGP | 4.90 | | 490.00 |
| | | LSN | 18.70 | | 1,870.00 |
| | | VJB | 30.00 | | 6,900.00 |
| | | AKB | 22.90 | | 3,664.00 |
| GRAND TOTALS | | | 716.60 | | $150,804.00 |

GLF - Gary L. Franklin - Lead Attorney - 15 years experience
VJB - Victoria J. Brown - Attorney - 22 years experience
KMJ - Keith M. Jones - Attorney - 3 years experience
AKB - Andrew K. Braley - Attorney - 3 years experience
LGP - Linda G. Paskiewicz - Legal Assistant - 20 years experience
LSN - Laurie S. Noyes - Legal Assistant - 9 years experience
GHB - Gary H. Barnes
JLW - Joslyn L. Wilschek

**Attachment 1 to Memorandum Opinion and Order signed December 12, 2007, in Case No. 4:06-CV-425-A (Page 2 of 2)**

Statements of Lynn Tillotson & Pinker, L.L.P.

| Invoice Date | Dates of Service | Name | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/19/06 | 6/14/06-6/30/06 | EWP<br>CJD<br>MET<br>ME | 4.20<br>2.00<br>3.80<br>7.00 | 400.00<br>210.00<br>250.00<br>110.00 | $1,680.00<br>420.00<br>950.00<br>770.00 |
| 8/18/06 | 7/10/06-7/28/06 | EWP<br>MET<br>MC | 1.80<br>2.80<br>0.30 | 400.00<br>250.00<br>110.00 | $720.00<br>700.00<br>33.00 |
| 9/18/06 | 8/15/06-8/19/06 | EWP<br>MET | 0.30<br>0.50 | 400.00<br>250.00 | $120.00<br>125.00 |
| 10/11/06 | 9/6/06-9/13/06 | EWP<br>MET<br>MC | 1.00<br>0.60<br>0.30 | 400.00<br>250.00<br>120.00 | $400.00<br>150.00<br>36.00 |
| 11/8/06 | 10/3/0610/27/06 | EWP<br>MET<br>MC | 1.10<br>3.10<br>1.00 | 400.00<br>250.00<br>120.00 | $440.00<br>775.00<br>120.00 |
| 12/14/06 | 11/15/06-11/29/06 | EWP<br>MET<br>MC | 0.70<br>2.10<br>0.50 | 400.00<br>250.00<br>120.00 | $280.00<br>525.00<br>60.00 |
| 1/16/07 | 12/6/06-12/20/06 | MET<br>MC | 0.30<br>0.20 | 250.00<br>120.00 | $75.00<br>24.00 |
| 2/23/07 | 1/22/07 | MET | 0.80 | 265.00 | $212.00 |
| 3/14/07 | 2/5/07 | MET<br>MC | 0.10<br>0.20 | 265.00<br>120.00 | $26.50<br>24.00 |
| 5/16/07 | 3/8/07-4/26/07 | EWP<br>MET<br>MC | 1.00<br>3.20<br>0.20 | 450.00<br>265.00<br>120.00 | $450.00<br>848.00<br>24.00 |
| 6/11/07 | 5/15/07-5/24/07 | MET | 0.20 | 265.00 | $53.00 |
| 7/12/07 | 6/14/07 | EWP | 0.30 | 450.00 | $135.00 |

**EWP - Eric W. Pinker - Attorney - 15 years experience**
**MET - Mark E. Turk - Attorney - 10 years experience**
**AC - Angela Colmenero - Attorney - 3 years experience**
**MC - Mariela Cawthon - Legal Assistant - 13 years experience**
**ME - Mariela Evora**
**CJD - Courtney J. Dreslin**
**CJ - Carol Jones**

**Attachment 2 to Memorandum Opinion and Order signed December 12, 2007, in Case No. 4:06-CV-475-A (Page 1 of 2)**

| | | | | | |
|---|---|---|---|---:|---:|
| 8/14/07 | 7/9/07-7/30/07 | EWP | | 3.70 | 450.00 | $1,665.00 |
| | | AC | | 3.50 | 240.00 | 840.00 |
| | | MET | | 15.20 | 265.00 | 4,028.00 |
| 9/25/07 | 8/8/07-8/31/07 | EWP | | 1.40 | 450.00 | $ 630.00 |
| | | AC | | 1.75 | 240.00 | 420.00 |
| | | MET | | 11.60 | 265.00 | 3,074.00 |
| | | MC | | 1.10 | 130.00 | 143.00 |
| 10/5/07 | 9/3/07-9/30/07 | EWP | | 9.20 | 450.00 | $4,140.00 |
| | | AC | | 41.25 | 240.00 | 9,900.00 |
| | | MET | | 17.40 | 265.00 | 4,611.00 |
| | | CJ | | 1.00 | 120.00 | 120.00 |
| | | MC | | 1.40 | 130.00 | 182.00 |
| 11/9/07 | 10/1/07-10/30/07 | EWP | | 4.70 | 450.00 | $ 2,115.00 |
| | | AC | | 58.25 | 240.00 | 13,980.00 |
| | | MET | | 5.70 | 265.00 | 1,510.50 |
| TOTALS PER ATTORNEY OR LEGAL ASSISTANT | | EWP | | 29.40 | | $12,775.00 |
| | | MET | | 67.40 | | 17,663.00 |
| | | CJD | | 2.00 | | 420.00 |
| | | AC | | 104.75 | | 25,140.00 |
| | | ME | | 7.00 | | 770.00 |
| | | MC | | 5.20 | | 646.00 |
| | | CJ | | 1.00 | | 120.00 |
| GRAND TOTALS | | | | 216.75 | | $57,534.00 |

**EWP - Eric W. Pinker - Attorney - 15 years experience**
**MET - Mark E. Turk - Attorney - 10 years experience**
**AC - Angela Colmenero - Attorney - 3 years experience**
**MC - Mariela Cawthon - Legal Assistant - 13 years experience**
**ME - Mariela Evora**
**CJD - Courtney J. Dreslin**
**CJ - Carol Jones**

**Attachment 2 to Memorandum Opinion and Order signed December 12, 2007, in Case No. 4:06-CV-475-A (Page 2 of 2)**